Wright et al. v. Green Tree Servicing LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand seventeen.

PRESENT: DENNIS JACOBS,
        ROBERT D. SACK,
                Circuit Judges,
        PAUL A. ENGELMAYER,
                District Judge.*

- - - - - - - - - - - - - - - - - - - -X

WESTON WRIGHT, CARLENE WRIGHT,
        Plaintiffs-Appellants,

        -v.-                    16-2842

GREEN TREE SERVICING LLC,
        Defendant-Appellee,

HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK,
        Defendant.

- - - - - - - - - - - - - - - - - - - -X

---

* Judge Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

1

**FOR APPELLANTS:** DANIEL A. EDELMAN, Tiffany N. Hardy; Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL.

Philip D. Stern, Andrew T. Thomasson; Stern Thomasson LLP, Springfield, NJ.

**FOR APPELLEES:** MARTIN C. BRYCE, JR., Justin Angelo; Ballard Spahr LLP, Philadelphia, PA & New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Carlene and Weston Wright appeal from the judgment of the United States District Court for the Southern District of New York (Carter, J.), dismissing their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We review that dismissal de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Defendant Green Tree Servicing LLC ("Green Tree") owns and services a mortgage loan on the Wrights' home. The Wrights allege that, when Green Tree acquired the loan from another entity, Green Tree's notice to the Wrights was deficient under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1604, et seq. The district court held that the notice was sufficient.

The notice was sent by mail, dated June 11, 2014. J.A. 53. The subject line at the top of the notice identifies the loan in question by property address and by a new loan number that the Wrights had not seen before. It says: "On 5/16/2014, the creditor that is the owner of [the] above-referenced loan changed from" the Wrights' old creditor to Green Tree. Id. It adds that

the terms of the mortgage documents are unchanged, that any recording of the assignment of the mortgage would occur in the county where the mortgage was originally recorded, and that Green Tree is also the new servicer of the loan. Id. Contact information and hours of operation are provided. Id.

TILA requires that: "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." 15 U.S.C. § 1641(g). The notice in question appears on its face to satisfy these requirements, and the Wrights do not directly argue otherwise.

The statute, however, is implemented by a regulation (known as Regulation Z) that contains some particulars: in relevant part, that "[t]he disclosures required by this section shall identify the loan that was sold, assigned or otherwise transferred, and state" four enumerated pieces of information that are largely restatements (with some additional details) of the statutory requirements quoted above. 12 C.F.R. § 226.39(d). The Wrights argue that the notice is defective not because it fails to include any of the enumerated items, but because it insufficiently "identif[ies] the loan."

The notice specifies the loan by a loan number and by the property address. J.A. 53. The loan number did not identify the loan for the Wrights, because it was a new number (assigned by Green Tree) that was previously unknown to them, rather than any number used by the prior creditor or servicer. And the Wrights argue that the property address, too, was insufficient identification, because there were two mortgages on the property, and the notice does not specify which one Green Tree acquired. They argue that Green Tree was required under TILA to provide notice specifically identifying the loan, and because the identification in the notice was ambiguous as between two loans, Green Tree is liable to them for violating the statute.

3

We disagree. The § 1641(g) disclosure requirement concerns the disclosure of information about the new creditor. The need to identify the particular debt acquired by the new creditor is implicit in the statute and is made explicit in the implementing regulation; but the substance and context of the disclosures is the information enumerated in items (A) through (E) of the statute and (1) through (4) of the regulation. The interpretation of the regulation, promulgated by the Consumer Finance Protection Bureau, provides that the disclosure "must identify the loan that was acquired or transferred," but the creditor "has flexibility in determining what information to provide for this purpose and may use any information that would reasonably inform a consumer which loan was acquired or transferred." 12 C.F.R. § 1026.39(d), Supp. I.

The notice sent by Green Tree does not include additional identifying information that would distinguish the mortgage loan it had acquired from other mortgages on the same property. But the notice included the enumerated disclosures that the statute and regulation require, and it identified the loan sufficiently to "reasonably inform" the consumer which debt was the subject of those disclosures.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4